Filed 10/2/25  P. v. Williams CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B336403 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA076584) |
| v. | |
| ELON KASHIM WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William L. Sadler, Judge.  Reversed and remanded with directions.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Marc A. Kohm and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2012, defendant and appellant Elon Kashim Williams pled to three counts of robbery and two counts of taking or driving a vehicle without the owner's permission. In entering his plea, defendant admitted a prior strike conviction within the meaning of the "Three Strikes" law, two prior felony convictions under Penal Code section 667, subdivision (a)(1),[1] and two prior prison terms under section 667.5, subdivision (b), commonly referred to as prison priors. The court sentenced defendant under the Three Strikes law and imposed a 33-year prison sentence, which included two 5-year felony enhancements and two 1-year prison prior enhancements.

After defendant's judgment became final, the Legislature passed Senate Bill No. 483 (2021–2022 Reg. Sess.) which invalidated prison prior enhancements imposed before January 1, 2020, except for those imposed for sexually violent offenses. (§ 1172.75, subd. (a) [any sentence enhancement imposed "pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid"].) Senate Bill No. 483 also created a procedural mechanism for eligible defendants to obtain a recall of their sentence and to be resentenced under current, amended sentencing statutes. (§ 1172.75, subds. (b)–(e).)

The Department of Corrections and Rehabilitation notified the superior court that defendant was eligible for a recall of his sentence under section 1172.75 as neither of his prison prior enhancements were based on convictions for sexually violent offenses. Thereafter, the superior court held a hearing at which it recalled defendant's sentence and conducted a full resentencing under section 1172.75. The court struck the two 1-year prison

---

[1]     All further undesignated statutory references are to the Penal Code.

priors and imposed concurrent terms on counts 1 and 5, resulting in a reduction in defendant's total sentence from 33 years to 26 years 8 months. The court otherwise reimposed the same sentence, including an upper term sentence on the base count (count 3), citing three aggravating facts. (§ 1170, subd. (b)(2) & (3).)

While this appeal was pending, the Supreme Court issued its decision in *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*). *Wiley*, following the United States Supreme Court's decision in *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), concluded that "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley*, at p. 1086, fn. omitted.) *Wiley* explained that section 1170, subdivision (b), must be interpreted to comport with federal constitutional requirements as clarified by *Erlinger*. (*Wiley*, at p. 1085.) We requested and received supplemental briefing from the parties.

In light of *Wiley*, we vacate the resentencing order and remand for a full resentencing hearing at which the court exercises its sentencing discretion anew in accordance with current law.

## BACKGROUND

### 1. Original sentencing in 2012

On October 18, 2012, defendant pled no contest to one count of second degree robbery (§ 211; count 1), two counts of first degree robbery (§ 211; counts 3 & 6), and two counts of taking or driving a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a); counts 5 & 14). During the plea colloquy, defendant admitted he personally used a deadly weapon in committing the robbery in count 1 (§ 12022, subd. (a)). As to counts 5 and 14, defendant admitted he previously had been convicted of having taken or driven a vehicle without the owner's permission. (§ 666.5.)

Defendant also admitted a prior strike conviction (§ 1170.12), two prior felony convictions (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)).

At the same hearing, the court sentenced defendant to a determinate term of 33 years in prison. The court chose count 3 as the base term and imposed an upper term of six years, doubled due to the prior strike conviction. The court imposed consecutive subordinate terms of one-third the midterm on each of counts 1, 5, 6, and 14, and doubled each term due to the prior strike (two years four months on count 1, two years each on counts 5 & 14, and two years eight months on count 6). The court also imposed two 5-year felony enhancements and two 1-year prison prior enhancements. The court awarded defendant 718 days of presentence custody credits (625 actual, 93 conduct). Consistent with the terms of the plea agreement, the remaining eight counts were dismissed.

## 2.     Resentencing in 2024

The resentencing hearing under section 1172.75 was held on January 9, 2024. Defendant was present and represented by appointed counsel. Defendant argued there were presentence mitigating facts which militated in favor of leniency, including a history of depression and childhood trauma because both his father and brother were murdered. Defendant also argued his prison record demonstrated there were numerous postsentencing factors that favored a sentence reduction. Defendant had obtained his general education degree in prison and had successfully held several prison jobs. He also completed various programs that showed he was working at rehabilitating himself, including vocational training and substance abuse programs. Defendant requested the court strike the five-year felony enhancements and impose a low term on the base count, in addition to striking the one-year prison priors.

4

The prosecutor responded by arguing that defendant was a third-strike offender and, as part of his 2012 plea deal, he had already received a significant benefit by not being sentenced to an indeterminate life term as a third-strike offender. The prosecutor said defendant's "record [was] horrible" and referred to defendant as "a one-man crime spree" with respect to the charges for which he was currently in prison. The prosecutor pointed out that defendant's prison records showed negative behavior and multiple write-ups, including possessing a cell phone, disobeying orders and participating in several fights and a riot. The prosecutor urged the court to find that defendant was not entitled to further leniency beyond the striking of the two prison priors.

The court acknowledged it had received and read the parties' briefs and a certified copy of defendant's prior convictions. The court said it found defendant's criminal history to be "very substantial." But the court also acknowledged there appeared to be a basis for some leniency in light of defendant's postconviction efforts at rehabilitation. The court said it wanted "to encourage positive behavior."

Based on defendant's certified record of convictions, the court found the aggravating facts outweighed the mitigating facts and that an upper term sentence was warranted on count 3. The court said defendant's criminal history showed "increasing seriousness and numerous convictions" (Cal. Rules of Court, rule 4.421(b)(2)), "poor prior performance on probation" (rule 4.421(b)(5)), and that defendant committed the current offenses "while he was on parole" (rule 4.421(b)(4)). The court also declined to strike the two 5-year felony enhancements, explaining the interests of justice would not be served by doing so. The court imposed the same sentence as defendant's original sentence, with the following exceptions: the court struck the two 1-year prison priors and ordered the terms on

counts 1 and 5 to run concurrently. Defendant's aggregate sentence was reduced to 26 years 8 months—a reduction of six years four months. The court declined to recalculate custody credits.

## DISCUSSION

### 1. *Wiley* warrants remand for a new resentencing hearing

In *Wiley*, *supra,* 17 Cal.5th 1069, the Supreme Court announced a significant change in the law that governs the imposition of upper term sentences, explaining it was compelled to do so because of the high court's decision in *Erlinger*, *supra*, 602 U.S. 821. *Erlinger* instructs that federal constitutional guarantees set forth in the Fifth and Sixth Amendments require "[v]irtually 'any fact' that ' "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" ' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." (*Erlinger*, at p. 834.)

The prior conviction exception is one recognized exception to the constitutional right to a jury trial on sentence-enhancing facts. (*Erlinger*, *supra*, 602 U.S. at p. 837.) *Erlinger* noted the exception had garnered some criticism, but emphasized it remained a valid but " 'narrow exception' " under which a sentencing "judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id.*, at p. 838.)

Several California decisions had long taken a more expansive view of the prior conviction exception. Citing the clarification enunciated in *Erlinger*, *Wiley* overruled *People v. Towne* (2008) 44 Cal.4th 63 and *People v. Black* (2007) 41 Cal.4th 799, as well as several appellate court decisions, to the extent they were contrary to *Erlinger*. (*Wiley*, *supra*, 17 Cal.5th at pp. 1076, 1085–1086.)

Of particular relevance here, *Wiley* explained that section 1170, subdivision (b)(3), must be construed in accordance

6

with *Erlinger*.  Section 1170, subdivision (b)(3), provides that a sentencing court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  *Wiley* held that "[t]o avoid any application that would set section 1170(b)(3) at odds with the high court's constitutional interpretation, we interpret section 1170(b)(3)'s procedure in a manner that is coextensive with high court dictates." (*Wiley*, *supra*, 17 Cal.5th at p. 1086.)

The trial court here relied, as was the common practice before *Wiley*, on defendant's certified record of convictions to make findings on aggravating facts in imposing an upper term sentence.  The court made a finding of three aggravating facts:  defendant's convictions were numerous and increasingly serious (Cal. Rules of Court, rule 4.421(b)(2)), defendant had committed the current offenses while on parole (rule 4.421(b)(4)), and defendant had poor performance during prior terms of probation/parole (rule 4.421(b)(5)).  The court's findings were based solely on its review of the certified record of convictions.  There was no trial on these facts, nor did defendant stipulate to these facts.

Under *Wiley*, this is no longer permissible.

*Wiley*'s recitation of the procedures now required is worthy of lengthy quotation:  "In sum, a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm.  The proper procedure for adjudicating such aggravating facts is as follows:  Defendants may assert the right to a jury trial, may waive jury in favor of a court trial, or may waive trial altogether.  Subject to the standard rules of evidence both parties may stipulate to the admission of probation reports or other evidence bearing on a defendant's social and educational history, as well as other

7

information relevant to sentencing, including criminal history. The burden is on the People to prove beyond a reasonable doubt the facts relied on to justify an upper term sentence. If those facts are properly proven, the court may take them into account and exercise its discretion under section 1170(b) to determine what sentence to impose, keeping in mind the statutory limits on upward departures from the midterm and the requirement for stating its reasons on the record. (§ 1170(b)(2), (5).)" (*Wiley, supra,* 17 Cal.5th at p. 1086, fn. omitted.)

The People urge us to conclude the failure to afford defendant a jury trial on the aggravating facts or otherwise obtain a valid waiver or stipulation was harmless. We are not persuaded.

Prejudice in this instance is governed by *Chapman v. California* (1967) 386 U.S. 18. (*Wiley, supra,* 17 Cal.5th at p. 1087.) "Under that standard, 'a sentence imposed under . . . section 1170(b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' " (*Wiley* at p. 1087; accord, *People v. Lynch* (2024) 16 Cal.5th 730, 743 (*Lynch*).)

It is not enough there may be evidence sufficient to support the trial court's findings. The proper inquiry is " 'whether any rational fact finder could have come to the *opposite* conclusion.' " (*Wiley, supra,* 17 Cal.5th at p. 1090.) Moreover, the Supreme Court aptly noted that many aggravating facts, like whether the defendant's criminal history shows increasing seriousness, call for a "comparative and qualitative" assessment. (*Ibid.*) Thus, the Supreme Court "cautioned that a prejudice analysis following a change in the law respecting proof of aggravating circumstances

8

'can be problematic. The reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance. [Citation.] . . . "[T]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Lynch*, *supra*, 16 Cal.5th at pp. 775–776.)

The record before this court does not allow us to conclude beyond a reasonable doubt that no rational fact finder could have come to the opposite conclusion as the trial court on the three recited aggravating facts. Remand for a new sentencing hearing is therefore warranted.

**2. The custody credits**

The People concede the trial court erred in declining to recalculate defendant's custody credits in accordance with *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*). *Buckhalter* tells us that where, as here, "a prison term already in progress is modified . . . , the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*Id*. at p. 29.) The trial court declined to do so, reimposing only the original award of presentence custody credits and deferring the recalculation to the Department of Corrections and Rehabilitation.

On remand, the trial court, after resentencing defendant, shall calculate custody credits in accordance with *Buckhalter*, *supra*, 26 Cal.4th 20, and prepare a new abstract of judgment.

9

## DISPOSITION

The resentencing order of January 9, 2024 is vacated. The case is remanded to the superior court for the purpose of conducting a full resentencing hearing. Defendant is entitled to be present and represented by counsel. After resentencing defendant, the superior court is directed to prepare a new abstract of judgment and transmit it to the Department of Corrections and Rehabilitation.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.